| | | | |
|---|---|---|---|
| Order Form (01/2005) | | |  |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0092 | **DATE** | 1-30-12 |
| **CASE TITLE** | Robert K. Baker (2011-0218233) vs. City of Chicago, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $9.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk shall issue summonses for service on all defendants, and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve Defendants. Plaintiff may only proceed with individual capacity claims against defendants Browen and Portis and an indemnification claim against the City of Chicago. His official capacity and conspiracy claims against the officer defendants, and the failure to train *Monell* claim against the City are dismissed.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Pro se plaintiff Robert K. Baker, currently a detainee at the Cook County Jail, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court are Baker's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the Jail to another correctional facility.

Turning to the initial review of the complaint, plaintiff alleges that he was walking on 116th Street in

Chicago when he saw Chicago Police Officer defendants Brown and Portis speak to a third individual. Plaintiff turned to watch the situation and was told by the officer defendants to mind his own business and walk away. Plaintiff did not comply and so the officers told him to come over to them.

Officer Portis allegedly hit plaintiff in the face and he was placed on the hood of the police officer's car. (The complaint does not state whether Portis and/or Brown placed him on the car's hood). The officer defendants then called a non defendant Officer Riggenbach #231 and told him about the situation. The defendants, following Riggnebach's instructions, looked up plaintiff's record on the police car's onboard computer. The officer defendants determined that plaintiff was on supervised release for unlawful use of a weapon by a felon, 720 ILCS 5/24-1.1. Riggenbach allegedly conspired with the officer defendants by instructing them to bring plaintiff in and charge him with an unrelated crime to cover up the officer's misconduct.

Plaintiff has brought suit against Portis, Brown and the City of Chicago, but he has not named Riggenbach as a defendant in either the complaint's caption or section for listing defendants. Plaintiff may proceed against Portis and Brown in their individual capacity for excessive force regarding both Portis allegedly punching plaintiff, and his placement on the car hood. He has claims against both the officer who used inappropriate force under the circumstances, *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)), and against an officer who had a realistic opportunity to stop the alleged abuse but failed to intervene. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) (citations omitted).

Additionally, plaintiff may proceed with a false arrest claim because he alleges that there was no cause to support his arrest. *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056-57 (7th Cir. 2011). The Court will leave it to defendants to investigate the alleged incident further to determine if there was cause to support the arrest based on any appropriate charge. *Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004); *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011). Finally, plaintiff may also proceed with a state law claim of malicious prosecution for filing of an alleged false charge. *Holland v. City of Chicago*, 643 F.3d 248, 255 (7th Cir. 2011); *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011).

Plaintiff's also alleges that the defendant officers and Riggenbach entered into a conspiracy to deny him his rights. As mentioned before, Riggenbach has not been named as a defendant. In addition, plaintiff cannot state a claim for a conspiracy.

First, a conspiracy claim requires that private actors are involved, there cannot be a conspiracy solely among state actors. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009); *Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007). Here the only involved individuals are state actor police officers.

Even if plaintiff could survive this deficiency, he still cannot allege a conspiracy based on the information presented in the complaint. Title 42 U.S.C. § 1985(3) prohibits a conspiracy between private individuals and state officials to deny a person equal protection under the law for racial or other class-based discriminatory animus. *Fairley*, 578 F.3d at 526 (citing *Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002)). To state a claim, plaintiff must plausibly allege: "(1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or

property or a deprivation of any right or privilege of a citizen of the United States." *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983); *Quinones v. Szorc*, 771 F.2d 289, 291 n.1 (7th Cir. 1985)). There is no indication that the actions were taken to deprive him of equal protection of the law. *Smith*, 550 F.3d at 617; *Redwood*, 476 F.3d at 466. The conspiracy claim is dismissed.

Plaintiff also sues the City of Chicago and the officers in their official capacity. The official capacity suit is redundant because naming an officer in his official capacity is, in actuality, naming the City. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Plaintiff claims that Chicago violated his rights by failing to train the officer defendants. He also seeks indemnification from Chicago pursuant 745 ILCS 10/9-102.

For a failure to train claim "to establish municipal liability under § 1983[,] . . . a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

The Court must review the complaint under the widespread practice ground because plaintiff has not plausibly alleged that he suffered a constitutional violation resulting from an express policy or the decision of a final policymaker. A municipality may only be liable for the widespread practice of failing to train its employees when this act "amount[s] to [a] 'deliberate indifference to the rights of person with whom the untrained employee come[s] into contact.'" *Connick v. Thompson*, 131 S. Ct. 1350, 1359-60 (2011) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). The deliberate indifference requirement is a "stringent standard of fault" requiring that the policymakers deliberately ignore repeated constitutional violations by the untrained employees or a "patently obvious" event occurred demonstrating a lack of necessary training. *Connick*, 131 S. Ct. at 1360-61.

Plaintiff fails to make any allegations that plausibly demonstrate municipal liability for any alleged failure to train the arresting officers. He only mentions his (apparently) single random event without demonstrating how this is part of a custom or practice by the City of Chicago sufficient to establish a *Monell* claim. In fact, he simply alleges that there was a failure to train the officer defendants without providing any type of plausible support for the claim. The "'formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.'" *Tamburo v. Dworkin*, 601 F.3d 693, 699 (7th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Plaintiff has failed to do this and so his failure to train / *Monell* claim is dismissed. However, plaintiff may proceed with a state law indemnification claim. 745 ILCS 10/9-102; *Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998); *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997)

The clerk shall issue summonses for service on all defendants, and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve Defendants. Plaintiff may only proceed with individual capacity claims against defendants Browen and Portis and an indemnification claim against the City of Chicago. His official capacity and conspiracy claims against the officer defendants, and the failure to train *Monell* claim against the City are dismissed.

| STATEMENT |
|---|
| Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former City of Chicago / Chicago Police Department employee who no longer can be found at the work address provided by Plaintiff, the City of Chicago / Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).<br><br>Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |

FILED
2012 JAN 27 PM 4:31
CLERK
U.S. DISTRICT COURT